UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Rafael A. Jones,

                Petitioner,

-against-

Ann Marie T. Sullivan,

                Respondent.

1:22-cv-02794 (JPC) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

By Order, dated May 10, 2022, the Honorable John P. Cronan, United States District Judge, directed me to determine, in the pending habeas corpus proceeding, if Petitioner's competency and, if appropriate, to appoint a guardian *ad litem*, pursuant to Rule 17(c)(2) of the Federal Rules of Civil Procedure, or *pro bono* counsel.[1] (5/10/22 Order of Ref., ECF No. 14.)

## BACKGROUND

Petitioner filed his Petition for Habeas Corpus on April 5, 2022, stating that he was confined at the Anna M. Kross Center on Rikers Island ("AMKC"), and naming as Respondent Joseph Caputo, the Deputy Warden in Command at AMKC, who was the then-authorized person having custody of Petitioner. (*See* Pet., ECF No. 2, at 1.) On January 6, 2022, in the underlying

---

[1] The determination of whether Petitioner is competent pursuant to Rule 17(c) is not dispositive. *See Barnes v. Fedele*, No. 07-CV-06197 (JWF), 2012 WL 12937028 (S.D.N.Y. Mar. 27, 2012) (issuing Decision and Order with respect to motion to appoint guardian *ad litem* pursuant to Rule 17(c)); *see also Mayorga v. Ronaldo*, 491 F. Supp. 3d 840, 846, 858 (D. Nev. 2020) (holding that decision whether to appoint guardian ad litem under Rule 17(c)(2) was "not dispositive"). In addition, the determination of whether to appoint *pro bono* counsel is not dispositive of the outcome of the case. Accordingly, the Court issues its decision on these issues as an Opinion and Order. My disposition of the underlying habeas petition, which also was referred to me (*see* 5/10/22 Order of Ref.), however, will be done by report and recommendation to Judge Cronan (after further briefing, as addressed in the Conclusion below), since a determination regarding the outcome this habeas proceeding will be a dispositive one.

state criminal proceedings, the state court ordered Petitioner to be evaluated pursuant to Article 730 of the New York Criminal Procedure Law to determine whether he was mentally fit to proceed in his criminal trial. (Pet.'s 4/21/22 Mot., ECF No. 5, at PDF pp. 4, 9.) In an Order of Commitment, dated February 22, 2022, the state court determined that Petitioner was an incapacitated person and committed Petitioner to the custody of the Commissioner of the New York State Office of Mental Health ("OMH"). (*See id.* at PDF p. 3.)

On April 21, 2022, Petitioner filed a motion to amend his Petition, stating that he had been transferred to Mid-Hudson Forensic Psychiatric Center ("MHFPC") and was under the custody of Ann Marie T. Sullivan, the Commissioner of OMH. (*See* Pet.'s 4/21/22 Mot. to Amend, ECF No. 3.) On May 10, 2022, Judge Cronan issued his Order of Reference directing me to determine whether Petitioner was competent and whether to appoint counsel. (*See* 5/10/22 Order of Ref.) Later, on June 24, 2022, the clinical director of MHFPC determined that Petitioner was fit to proceed to trial in the state criminal proceedings.[2] (*See* AAG McIver 7/8/22 Ltr., ECF No. 33, at 1; Clinical Director Evaluation, ECF No. 38-2, at PDF p. 1.)[3] Accordingly, in or about late June 2022, Petitioner was transferred back into the custody of Respondent Caputo at AMKC. (*See* 7/5/22 Pro Se Mem., ECF No. 31.)

---

[2] Although the OMH has determined that Petitioner is competent to stand trial, the state court has not yet formally ruled on Petitioner's competency. (*See* 8/24/22 Tr., ECF No. 45, at 16-17.) Attorney Klein previously moved to confirm the OMH findings, but the Bronx District Attorney's Office requested until September 2, 2022 to decide whether to adopt the OMH findings regarding Petitioner's competency. (*See id.* at 17.) However, Bronx Assistant District Attorney Newby, who is assigned to Petitioner's state court case, represented on the record during the August 24, 2022 hearing before the Court that her office intends to adopt the OMH findings. (*See id.*)

[3] In view of Health Insurance Portability and Accountability Act (HIPAA) protection of sensitive patient health information, the Court will not include the contents of the MHFPC clinical director's evaluation (which was filed under seal) in this Opinion and Order.

On August 24, 2022, the Court held a telephone hearing to address the issue of Petitioner's competency. (*See* 8/24/22 Tr.)

## DISCUSSION

### I. Competency and Appointment of a Guardian *Ad Litem*

#### A. Legal Standards

Under Rule 17(c)(2), "[t]he court must appoint a guardian *ad litem* — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).[4] Care must be taken, "not only to protect those who are not capable of protecting their own interests, but also to preserve the liberty interests of those who are able to do so and who desire to maintain control of their own legal affairs." *Bender v. Del Valle*, No. 05-CV-06459 (GEL), 2009 WL 1754333, at *1 (S.D.N.Y. June 22, 2009). Federal courts apply the law of the state of an individual's domicile to determine competence, *see* Fed. R. Civ. P. 17(b)(1); in this case, New York. Under New York law, a guardian *ad litem* is appointed for "an adult incapable of adequately prosecuting or defending his rights." N.Y. CPLR § 1201; *see Bender*, 2009 WL 1754333, at *1. Even with a previous finding of incompetency in another court, the Court must come to its own conclusion regarding [Petitioner's] present competency to pursue this matter at this time. *See Williams v. New York State Office of Mental Health*, No. 10-CV-01022, 2011 WL 2690088, at *5-6 (E.D.N.Y. Apr. 25, 2011) (finding insufficient evidence to deem plaintiff incompetent where state court initially found plaintiff incompetent in underlying state

---

[4] The Court must determine whether a representative should be appointed for a *pro se* litigant, pursuant to Rule 17(c), prior to reaching the merits of a claim, including the initial determination of the sufficiency of the complaint under 28 U.S.C. § 1915(e)(2)(B). *See Berrios v. New York City Housing Auth.*, 564 F.3d 130, 134 (2d Cir. 2009).

proceedings but later released plaintiff from involuntary treatment based upon updated evaluation from OMH regarding plaintiff's mental state).

B. **Application**

Petitioner is no stranger to this Court. The Court's Electronic Case Filing system reflects that Petitioner has filed multiple *pro se* civil actions in this Court, including 28 U.S.C. § 2241 habeas petitions predicated on the same underlying detention as this case. *See, e.g.*, *Jones v. Caputo*, No. 22-CV-02041 (LTS) (S.D.N.Y.); *Jones v. Carter*, No. 21-CV-09571 (LTS) (S.D.N.Y.). The Court's review of the filings in these cases, including the recent filings in this case, reflects that Petitioner has an understanding of the Court system and how to adequately represent himself.

Petitioner currently presents as a person fully capable of adequately prosecuting his rights. At the hearing on August 24, 2022, Petitioner knew and named all the individuals in attendance at the telephone hearing, stated the name and address of where he is currently being detained, and understood the nature of Attorney Klein's representation of Petitioner with respect to the state criminal proceedings.[5] (*See* 8/24/22 Tr. at 3-5.) Petitioner stated that he drafted and filed without assistance from others his various filings in this case and his other cases. (*See* 8/24/22 Tr. at 5, 8-9.) Petitioner explained the grounds for the relief he sought in many of his filings. (*See* 8/24/22 Tr. 4-5, 8-9, 10-11.) Finally, and significantly, neither Petitioner nor Respondent contend that Petitioner is incompetent.[6] (*See* 8/24/22 Tr. 6-7, 17.)

---

[5] As was explained by Petitioner and Attorney Klein during the August 24 conference, the state court had appointed Attorney Klein to represent Petitioner, but Petitioner later filed a motion to waive counsel. (*See* 8/24/22 Tr. at 3-5.)

[6] When questioned, Petitioner vehemently denied having any mental disability. (*See* 8/24/22 Tr. at 6-8.)

Based on the record before the Court, including Petitioner's answers to my questions at the August 24, 2022 hearing and Petitioner's diligent handling of this and other cases, the Court finds that Petitioner is competent and does not require the appointment of a guardian *ad litem*. *See Mil'chamot v. New York City Hous. Auth.*, No. 15-CV-00108 (PAE) (HBP), 2016 WL 7756626, at *5 (S.D.N.Y. Dec. 20, 2016), *report and recommendation adopted*, 2017 WL 151626 (S.D.N.Y. Jan. 12, 2017) (finding plaintiff competent where he was able to describe his personal history, discuss his case, identify relief he was seeking, displayed rudimentary understanding of procedural rules and judicial system and expressed desire to retain control over action).[7]

## II. Appointment of Pro Bono Counsel

### A. Legal Standards

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases like this one, there is no requirement that courts supply indigent litigants with counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court believes that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*,

---

[7] The Court is particularly loathe to appoint a guardian for Petitioner in circumstances where Petitioner insists he is competent, because, if a guardian were appointed, (s)he would be making decisions in this case on behalf of, and instead of, Petitioner himself. *See Mil'chamot*, 2016 WL 7756626, at *2 ("if a guardian *ad litem* was appointed, the guardian would make independent decisions concerning the litigation, would not be required to follow any instructions that plaintiff might give and [] the guardian's independent decisions would be controlling").

490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts therefore must request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *See Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The Court then must consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id*. In considering these factors, courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

**B.     Application**

Petitioner filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (*See* 5/3/22 Order, ECF No. 10.) Thus, Petitioner meets this initial, threshold criterion. However, the Court finds that Petitioner's case is not likely to be of substance.

Petitioner brings a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (*See* Pet.) Before filing a habeas petition in federal court, a petitioner first must exhaust available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *see United States ex rel. Scranton v. New York,* 532 F.2d 292, 294 (2d Cir. 1976). Since the record reflects that Petitioner has not exhausted his state court remedies,[8] the Court finds that Petitioner's claims are not "likely to be of substance." *See Jones v. Caputo*, No. 22-CV-02041 (LTS), 2022 WL 1062886, at *2 (S.D.N.Y. Apr. 4, 2022) (latest dismissal of Jones's multiple Section 2241 habeas petitions for failure to exhaust state court remedies, among other reasons). Accordingly, the Court finds that appointment of *pro bono* counsel is not warranted.

## CONCLUSION

For the foregoing reasons, the Court finds that Petitioner is competent and, thus, a guardian *ad litem* shall not be appointed. Further, the Court finds that appointment of *pro bono* counsel is not warranted.

As set forth above, it appears that this case should be dismissed for failure to exhaust state court remedies. In her April 4, 2022 Order of Dismissal in a prior case regarding the same underlying state criminal proceedings, Chief Judge Swain warned Petitioner that future filings challenging the same criminal proceedings without exhausting state court remedies may result in an order barring home from filing future Section 2241 petitioner IFP in this Court, without permission to do so. *See Jones*, 2022 WL 1062886, at *3. However, during the August 24, 2022 hearing, Petitioner argued that his failure to exhaust should be excused now given the length of

---

[8] Petitioner is still in the pretrial stage of his state criminal case. In addition, while there is a dispute as to whether Petitioner has yet filed a state habeas petition (*see* 8/24/22 Tr. at 22-24), there is no dispute that there has been no ruling by the state court on such a petition.

time that Petitioner has been detained while awaiting trial. (*See* 8/24/22 Tr. at 15 ("THE COURT: As I understand it, what [Petitioner is] saying is, due to the passage of time and the fact that the state courts aren't adjudicating your rights in a timely manner, you believe you have a right to a federal writ, to apply for a writ in federal court, notwithstanding the fact that things haven't been exhausted.").) As stated on the record during the August 24, the Court shall afford Petitioner an opportunity to fully set forth his position in writing. No later than September 30, 2022, Petitioner shall show cause, by filing a declaration or memorandum of law, why his petition should not be dismissed for failure to exhaust state court remedies. No later than October 31, 2022, Respondent shall file his response. Thereafter, the Court intends to make its report and recommendation to Judge Cronan.

**SO ORDERED.**

Dated:   New York, New York
         August 29, 2022

_____
STEWART D. AARON
United States Magistrate Judge