UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Rafael A. Jones,

                        Petitioner,

      -against-

Joseph A. Caputo,

                        Respondent.

1:22-cv-02794 (JPC) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

      By Order, dated May 10, 2022, the Honorable John P. Cronan, United States District Judge, directed me to determine, in the pending habeas corpus proceeding, if Petitioner is competent and, if appropriate, to appoint a guardian ad litem or counsel pursuant to Fed. R. Civ. P. 17(c)(2). (5/10/22 Order of Ref., ECF No. 14.)

      By Opinion and Order, dated August 29, 2022, this Court previously found Petitioner to be competent and ordered further briefing regarding Petitioner's argument that his failure to exhaust his state court remedies should be excused given the length of time that Petitioner has been detained while awaiting trial. *See Jones v. Sullivan*, No. 22-CV-02794 (JPC) (SDA), 2022 WL 3716270, at *4 (S.D.N.Y. Aug. 29, 2022). On October 31, 2022, the Court was advised that, on September 19, 2022, two physicians with the Bronx Forensic Psychiatric Court Clinic issued separate reports based on their evaluations of Petitioner and found him unfit to proceed to trial and that, on October 7, 2022, Justice Clancy in Bronx Supreme Court (where Petitioner's underlying state criminal case is pending) adopted such findings. (*See* 10/31/22 Resp. Ltr., ECF No. 65, at 3.)

By Order, dated November 14, 2022, the Court directed the New York State Office of Mental Health to file under seal the Bronx Forensic Psychiatric Court Clinic physicians' reports regarding Petitioner's competency referred to in Respondent's 10/31/22 letter. (11/14/2022 Order, ECF No. 69.) On November 29, 2022, the physician's reports were filed under seal. (*See* 11/29/22 Weiss Ltr., ECF No. 71 & attachments.)

In light of the foregoing, and having reviewed the physicians' reports, the Court finds that Rule 17(c) of the Federal Rules of Civil Procedure applies.[1] *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003) ("If a court were presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent, it likely would be an abuse of the court's discretion not to consider whether Rule 17(c) applied."). While Rule 17(c)(2) expressly authorizes appointment of a guardian *ad litem* to protect an incompetent person, the Rule's reference to "other appropriate orders" permits the Court to resort to other measures, including the appointment of counsel. *See* Fed. R. Civ. P. 17(c)(2). The Criminal Justice Act authorizes district courts to appoint counsel to represent financially eligible individuals[2] in habeas corpus actions brought pursuant to 28 U.S.C. § 2241. *See* 18 U.S.C. § 3006A(a)(2) ("Whenever the United States magistrate or the court determines that the interests of justice

---

[1] Rule 17(c) provides in relevant part: "A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).

[2] Petitioner's IFP application was granted on May 3, 2022. (5/6/22 Order, ECF No. 10.)

so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.").

In the current circumstances of this habeas case, the Court finds, in its discretion, that it is in the interests of justice to appoint counsel for Petitioner. *See* 18 U.S.C. § 3006A. Such counsel shall address Petitioner's argument that his failure to exhaust his state court remedies should be excused given the length of time that Petitioner has been detained while awaiting trial, particularly since it now appears that Petitioner will be detained indefinitely without a trial in state court.

Once counsel is appointed and has appeared in this action, the Court shall schedule a telephone conference to discuss next steps.

**SO ORDERED.**

Dated: New York, New York
December 2, 2022

_____
STEWART D. AARON
United States Magistrate Judge