UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
RAFAEL A. JONES, :
:
Petitioner, :
: 22 Civ. 2794 (JPC)
-v- :
: ORDER
:
JOSEPH CAPUTO, :
:
Respondent. :
:
-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

This action is the latest of several petitions for a writ of habeas corpus filed by Petitioner Rafael A. Jones to challenge his pretrial detention pending the resolution of a state charge of attempted murder in the second degree. Dkt. 2 ("Petition"); *see* Dkt. 81 ("Report and Recommendation") at 2 n.1 (collecting prior petitions). Proceeding *pro se*, he brings this Petition pursuant to 28 U.S.C. § 2241 and contends that (1) he was not properly notified by the trial court that he was to undergo a mental fitness evaluation or that he had been remanded to the custody of the Commissioner of the New York State Office of Mental Health; (2) his right to refuse medical treatment was violated when he was ordered to undergo a mental fitness evaluation; (3) his criminal defense attorney in the pending state prosecution was ineffective; and (4) his continued detention pending resolution of his state charge has been illegal. Petition at 6-8.[1] As relief, Petitioner seeks release from state custody and dismissal of his pending state case, as well as the return of his seized property. *Id.* at 8.

---

[1] It appears that Petitioner is currently incarcerated at the George R. Vierno Center. *See* Dkt. 55; Report and Recommendation at 1.

The case was referred to the Honorable Stewart D. Aaron for a Report and Recommendation on the Petition, as well as for a determination of the Petitioner's competency and, if appropriate, appointment of guardian *ad litem* or *pro bono* counsel. Dkt. 14. On December 2, 2022, Judge Aaron appointed *pro bono* counsel pursuant to Federal Rule of Civil Procedure 17(c)(2). Dkt. 73. On December 16, 2022, Respondent filed a letter arguing for dismissal of the Petition as a matter of federal abstention from ongoing state criminal proceedings pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and because of Petitioner's failure to exhaust his state court remedies. Dkt. 78. At a conference before Judge Aaron on December 20, 2022, Petitioner's appointed *pro bono* counsel acknowledged that, after reviewing the filings in this case including the Petition, she "d[id] not feel that Mr. Jones has exhausted his state remedies, nor d[id she] see a reason for an extraordinary relief wavier in that regard." Dkt. 79 at 4.

On December 21, 2022, Judge Aaron issued a Report and Recommendation, which recommended that the undersigned deny the Petition without prejudice "'[b]ecause Petitioner has not been convicted, no judgment has entered, and he is not in custody pursuant to a judgment of a state court" and further because "the Petition is barred by the *Younger* doctrine." Report and Recommendation at 4 (alteration in original) (quoting *Jones v. Caputo*, No. 22 Civ. 1640 (LTS), 2022 WL 623499, at *2 (S.D.N.Y. Mar. 3, 2022) and then citing *Jones v. Walker*, No. 22 Civ. 993 (LTS), 2022 WL 623584, at *2 (S.D.N.Y. Mar. 3, 2022)). On December 23, 2022, Petitioner filed a letter raising several objections to the Report and Recommendation. Dkt. 84.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report and recommendation. 28 U.S.C. § 636(b)(1)(C). Within fourteen days after a party has been served with a copy of a magistrate judge's report and recommendation, the party "may serve and file specific written objections to

the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).  If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section.  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997).   The district court reviews those portions of a report and recommendation to which no timely objection was filed only for clear error.  *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

"The objections of *pro se* parties are 'generally accorded leniency and should be construed to raise the strongest arguments that they suggest.'"  *Machicote v. Ercole*, No. 06 Civ. 13320 (DAB) (JCF), 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) (quoting *Howell v. Port Chester Police Station*, No. 09 Civ. 1651 (CS) (LMS), 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010)). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."  *Id.* (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

Here, even when liberally construed, Petitioner's objections to the Report and Recommendation do not address either of the grounds for Judge Aaron's recommendation of dismissal:  (1) that a habeas petition is not available to Petitioner because he is not in custody pursuant to a state court judgment and (2) that the Petition is barred by the doctrine of *Younger* abstention.  Accordingly, the Court overrules Petitioner's objections and reviews the Report and Recommendation for clear error.  *See Vlad-Berindan v. MTA N.Y.C. Transit*, No. 14 Civ. 675 (RJS), 2014 WL 6982929, at *2 (S.D.N.Y. Dec. 10, 2014) (rejecting the "Plaintiff's Objections,

3

which . . . fail to address the Report's legal conclusions" and reviewing the report and recommendation for clear error).

Having reviewed for clear error, the Court agrees that the Petition must be dismissed upon application of the doctrine of *Younger* abstention. *See Jones*, 2022 WL 623584, at *1-2 & n.2 (applying the *Younger* doctrine to deny a prior section 2241 petition brought by Petitioner).[2] In *Younger*, the Supreme Court recognized a "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." 401 U.S. at 41; *see Cesos Int'l Inc. v. Jorling*, 895 F.2d 66, 70 (2d Cir. 1990) ("Abstention under *Younger* is fueled by the notion that courts of equity should not intervene where a party has an adequate remedy at law, . . . and by concerns of comity and federalism expressed in 'the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.'" (quoting *Younger*, 401 U.S. at 44)). These "special circumstances" include "bad faith, harassment or irreparable injury that is both serious and immediate." *Gibson v. Berryhill*, 411 U.S. 564, 574 (1973).

Here, the relief Petitioner seeks would require this Court to intervene in his pending state court proceedings. Moreover, Petitioner has not alleged any "bad faith, harassment, or irreparable injury that is both serious and immediate" regarding those ongoing state court proceedings, and in

---

[2] The Court need not reach Judge Aaron's alternative ground for recommending dismissal, *i.e.*, that habeas relief is unavailable because "Petitioner has not been convicted, no judgment has entered, and he is not in custody pursuant to a judgment of state court." Report and Recommendation at 2 (alteration and internal quotation marks omitted). The Court notes, however, that prior to bringing a petition pursuant to 28 U.S.C. § 2241, courts have required a state pretrial detainee to exhaust all available state court remedies, including "seeking habeas corpus relief in the state courts and, if necessary, appealing to the New York Court of Appeals." *Jones*, 2022 WL 623584, at *2; *see also United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While 28 U.S.C., Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism.").

particular, the state court's rulings regarding his competency to stand trial. *See, e.g.*, *Weinstein v. Vill. of Briarcliff Manor*, No. 21 Civ. 1996 (CS), 2021 WL 1063763, at *3 (S.D.N.Y. Mar. 17, 2021) (declining to intervene in the plaintiff's ongoing state court competency determination proceedings pursuant to *Younger*). Nor has he contended that the existing New York State procedures are insufficient to protect his rights. *See* N.Y. Crim. Crim. Proc. Law § 730.30 (requiring the court to "issue an order of examination when it is of the opinion that the defendant may be an incapacitated person" and permitting the court to conduct a hearing to determine the issue of capacity upon review of the examination report). This Court therefore agrees with Judge Aaron's analysis of the application of *Younger* to the Petition and declines to intervene pursuant to the doctrine of *Younger* abstention.

Accordingly, for the reasons set forth above, the Court adopts the Report and Recommendation to the extent that the Petition is barred by the doctrine of *Younger* abstention, and therefore denies the Petition without prejudice. The Court further certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully directed to mail a copy of this Order to Petitioner Rafael A. Jones and close this case.

SO ORDERED.

Dated: January 4, 2023
      New York, New York

                                        JOHN P. CRONAN
                                     United States District Judge