```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
RAFAEL A. JONES,                                                 :
                                                                 :
                            Petitioner,                          :
                                                                 :    22 Civ. 2794 (JPC) (SDA)
              -v-                                                :
                                                                 :           ORDER
JOSEPH CAPUTO,                                                   :
                                                                 :
                            Respondent.                          :
                                                                 :
-----------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On February 10, 2023, the Court received Petitioner's motion for relief from the Court's January 4, 2023 Order adopting the Honorable Stewart D. Aaron's Report and Recommendation, Dkt. 81, and dismissing the Petition without prejudice. Dkt. 92 ("Motion"); *accord* Dkt. 86 ("1/4/23 Order"). In that Order, the Court agreed with Judge Aaron's conclusion that the Petition was barred by the doctrine of federal abstention from ongoing state criminal proceedings pursuant to *Younger v. Harris*, 401, U.S. 37 (1971). 1/4/23 Order at 4-5. Judgment was then entered on January 6, 2023 and the case was closed. Dkt. 87.

The Court construes Petitioner's Motion primarily as seeking relief from the judgment entered in connection with its January 4, 2023 Order, pursuant to Federal Rules of Civil Procedure 60(b)(3), 60(d)(3), and 60(b)(6). "[M]otions for relief from judgment under Rule 60(b) are generally disfavored in the Second Circuit." *McKeown v. New York*, No. 08 Civ. 2391 (SAS), 2010 WL 4140421, at *1 & n.7 (S.D.N.Y. Oct. 21, 2010) (collecting cases). Such motions are "addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell in Behalf of Viacom, Inc. v. Gollust*, 909 F.2d

724, 731 (2d Cir. 1990). This burden applies with equal force to *pro se* litigants. *See McKeown*, 2010 WL 4140421, at *1 ("[P]ro se litigants are not excused from the requirement that they produce highly convincing evidence to support a Rule 60(b) motion. The heavy burden for securing relief from final judgments applies to pro se litigants as well as those represented by counsel." (internal quotation marks, ellipses, and footnotes omitted)); *Aneja v. M.A. Angeliades, Inc.*, No. 05 Civ. 9678 (LAP), 2010 WL 199681, at *2 (S.D.N.Y. Jan. 10, 2010) ("Plaintiff's status as a *pro se* litigant does not excuse him from the high burden of producing highly convincing evidence in support of his claim of fraud on the court." (internal quotation marks omitted)).

"Rule 60(b)(3) allows relief from judgment on the basis of 'fraud . . . misrepresentation, or misconduct by an opposing party.'" *Aneja*, 2010 WL 199681, at *1 (ellipsis in original) (quoting Fed. R. Civ. P. 60(b)(3)). To prevail under Rule 60(b)(3), Petitioner must show "that the conduct complained of prevented [him] from fully and fairly presenting his case." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (internal quotation marks omitted). Similarly, Rule 60(d)(3) recognizes that the Court may "set aside a judgment for fraud on the court." However, as with motions under Rule 60(b)(3), the "standard to prove 'fraud on the court' is extremely high," and is "limited to 'fraud that seriously affects the integrity of the normal process of adjudication.'" *Aneja*, 2010 WL 199681, at *2 (quoting *Gleason v. Jandrucko*, 860 F.2d 556, 558-59 (2d Cir. 1988)). Finally, Rule 60(b)(6) is a "catchall provision permitting relief from a final order for 'any other reason that justifies relief.'" *Warren v. Columbia Presbyterian Hosp.*, No. 12 Civ. 5139 (RA), 2019 WL 2250419, at *2 (S.D.N.Y. May 24, 2019). However, "Rule 60(b)(6) relief is only available if Rules 60(b)(1) through (5) do not apply, and if extraordinary circumstances are present or the failure to grant relief would work an extreme

2

hardship on the movant." *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012).

Petitioner first argues that vacatur of the January 4, 2023 Order is warranted in light of several instances of what he considers to be fraud. He first claims that his court-appointed attorney assured him that "she was going to get [his] case dismissed," that she and Respondent's counsel purposefully excluded Petitioner from a telephone conference before Judge Aaron on December 20, 2022 because "they knew [the Court] was not going to dismiss this habeas corpus petition,"[1] and that Respondent committed separate fraud on the Court by purporting to remain a defendant even though Petitioner had filed a change of address informing the Court that he was no longer incarcerated in a facility where Respondent is the warden. Motion at 1-2.

Petitioner has failed to present "clear and convincing evidence of material misrepresentations" to warrant reconsideration of the Court's prior Order. *Azkour v. Little Rest Twelve*, No. 10 Civ. 4132 (RJS), 2017 WL 1609125, at *6 (S.D.N.Y. Apr. 8, 2017). First, "it is well settled that conclusory allegations of defendant's misconduct are insufficient" to warrant reconsideration under Rule 60. *Id.* (internal quotation marks omitted). Petitioner presents no evidence beyond conclusory allegations to suggest that anyone intentionally prevented him from attending the conference or lied to him in any way. While Petitioner claims that he never received notice of the date and time of the conference, Motion at 2, even if that were the case, such error appears to have been inadvertent (and not the fault of Respondent or his counsel) since, as Petitioner admits, he received all other court filings in this matter via mail despite changing

---

[1] Petitioner contends that, because the attorneys realized the Court was not going to dismiss his Petition, they "moved to exclude [him] from the phone conference, because now they [k]new that they were all guilty of actions in violation of 18 U.S.C. § 879(a)(3) [for] kidnapping [a] Presidential candidate." Motion at 2.

3

addresses. *Id.* at 1. Nor did the parties' conduct at the December 20, 2022 conference before Judge Aaron in any way suggest an effort to intentionally prevent Petitioner from attending or to conceal his absence. To the contrary, Petitioner's attorney made clear on the record that "Mr. Jones is not on the line," and represented to Judge Aaron that she intended to send a copy of the transcript to Petitioner following the conference. Dkt. 79 at 3, 6. Finally, Respondent's continued appearance following Petitioner's notice of change of address was not fraud on the court since, as Petitioner alleges, the Court "knew that Joseph Caputo . . . no longer had custody of [him]." Motion at 2.

Petitioner also fails to explain how any of these allegations prevented him from "fully and fairly presenting his case." *State St. Bank & Tr. Co.*, 374 F.3d at 176. Petitioner cites no authority demonstrating that he had any right to be present at the December 20, 2022 conference, particularly since he was represented by counsel, and since the sole topic of discussion was the legal merits of Petitioner's claim. *Cf.* Fed. R. Crim. P. 43(b)(3) (stating that a criminal defendant "need not be present" if the "proceeding involves only a conference or a hearing on a question of law"). Moreover, the docket is replete with filings from Petitioner in support of his claim, demonstrating that he has had ample opportunity to present arguments to Judge Aaron and the undersigned. Accordingly, the Court finds no compelling reason to relieve Petitioner from judgment in this case or from the Court's January 4, 2023 Order based on any alleged fraud.

Petitioner next argues that relief from the Court's January 4, 2023 Order is warranted because of Judge Aaron's and the undersigned's failure to consider certain filings in support of his claim. Motion at 2-3. Petitioner primarily points to Docket Number 84—a letter dated December 10, 2022 in which Petitioner makes arguments challenging the state court's determination of his competency. Motion at 2; *accord* Dkt. 84. While that letter was only docketed on December 23,

4

2022—after Judge Aaron issued his Report and Recommendation—the undersigned gave the letter full consideration in its Order adopting the Report and Recommendation.[2]  *See* 1/4/23 Order at 2-4.  And as the Court noted in that Order, Petitioner's letter fails to "address either of the grounds for Judge Aaron's recommendation of dismissal"—including, as relevant here, "that the Petition is barred by the doctrine of *Younger* abstention."  *Id.* at 3.[3]  Accordingly, Petitioner has failed to demonstrate that the Court overlooked any timely-made argument or piece of evidence as to why *Younger* abstention would be inappropriate.

Petitioner also cites Federal Rule of Civil Procedure 59 as a basis for relief, Motion at 1, and thus the Court will liberally construe his Motion as seeking reconsideration.  Rule 59(e) allows a party to move to alter or amend a judgment.  Local Civil Rule 6.3 further instructs that, in seeking reconsideration of a court order denying a motion, the moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."  "The standards governing motions under Local Rule 6.3 along with Fed. R. Civ. P. 59 are the same, and a court may grant reconsideration where the party moving for reconsideration demonstrates an 'intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 605

---

[2] Indeed, the Court construed Petitioner's letter as raising objections to the Report and Recommendation given the timing of the letter's filing, although it appears that while docketed after the Report and Recommendation was issued, Petitioner likely drafted the letter prior to receiving the Report and Recommendation.  1/4/23 Order at 2.

[3] The same can be said of Petitioner's motion for the "entrance of evidence" filed at Docket Number 88.  The filing is dated December 5, 2022, but was only docketed on January 18, 2023—after Judge Aaron issued his Report and Recommendation and after the undersigned issued the Order adopting the Report and Recommendation.  However, Docket Number 88 does not present any argument addressing *Younger* abstention—much less a reason why the doctrine is inapplicable to Petitioner's claims.  In fact, the submission at Docket Number 88 only further reinforces the Court's determination that *Younger* abstention *is* applicable since it demonstrates that Petitioner recently filed a motion in state court challenging his competency determination, thereby suggesting that state court proceedings remain ongoing.

(S.D.N.Y. 2012) (quoting *Henderson v. Metro. Bank & Trust Co.*, 502 F. Supp. 2d 372, 375-76 (S.D.N.Y. 2007)).  "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *Iowa Pub. Emp. Ret. Sys. v. Deloitte & Touche LLP*, 973 F. Supp. 2d 459, 462 (S.D.N.Y. 2013) (internal quotation marks and citation omitted), *aff'd*, 558 F. App'x 138 (2d Cir. 2014).  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Thus, similar to Rule 60, Rule 59(e) gives district courts the power to "alter or amend [a] judgment to correct a clear error of law or prevent manifest injustice," so long as the litigant "request[s] a substantive alteration of the judgment, not merely the correction of a clerical error, or relief of the type wholly collateral to the judgment."  *ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 96 (2d Cir. 2014) (internal quotation marks omitted).  In considering a Rule 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued. . . .  The motion is therefore tightly tied to the underlying judgment."  *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020).  While he cites Rule 59, Petitioner "does not make any distinct argument for vacating the judgment under that [R]ule," and so the Court need "not separately analyze his Rule 59(e) motion."  *Salvagno v. Williams*, No. 17 Civ. 2059 (MPS), 2019 WL 2720758, at *5 n.4 (D. Conn. June 27, 2019) (collecting cases).  That said, Petitioner has had ample opportunity to address the issue of whether his Petition is barred by the doctrine of *Younger* abstention yet has consistently failed to identify "any intervening change of controlling law or new evidence or a need to correct a clear error or manifest injustice that would

justify Rule 59(e) relief here." *Pac. Indem. Co. v. Kiton Corp.*, No. 21 Civ. 4391 (LJL), 2022 WL 4237092, at *1 (S.D.N.Y. Sept. 14, 2022).

Petitioner's Motion thus is denied in its entirety. The Clerk of Court is respectfully directed to close Docket Number 92. The Court further certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 16, 2023
      New York, New York

_____
JOHN P. CRONAN
United States District Judge